NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNETT L. THOMAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD JOHN TRUMP, <br><br> *Defendant*. | Civil Action No. 21-3111 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Arnett L. Thomas seeks to bring this putative class action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* to assert individual claims but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

Plaintiff explains that this matter involves three classes of people and Plaintiff seeks to bring this matter on behalf of each class. *See* Compl. ¶ 13; *see also* D.E. 2 (list of individuals who seek to "enjoin" Plaintiff's Complaint). A plaintiff who wishes to serve as the representative of a putative class of individuals must receive class certification. *See* Fed. R. Civ. P. 23(a). There are

four prerequisites to obtaining class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the defenses or claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* The party seeking class certification has "[t]he burden of 'establish[ing] that all four requisites of Rule 23(a) . . . are met." *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994). Courts are required to engage in a "rigorous analysis" to ensure that the prerequisites to class certification are satisfied. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). As a threshold matter, the Court will only assess whether Plaintiff can adequately represent and protect the interests of the class pursuant to Rule 23(a)(4) because the Court determines the issue to be dispositive.

In determining the adequacy of representation, "courts consider the adequacy of both the named representative and class counsel." *Szczubelek v. Cendant Mortg. Corp.*, 215 F.R.D. 107, 119 (D.N.J. Mar. 31, 2003). A court must find that the plaintiff "has the ability and incentive to represent the claims of the class vigorously," that the plaintiff retained counsel that is "qualified, experienced, and generally able to conduct the proposed litigation," and that the plaintiff's interests are not "antagonistic to those of the class." *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d. Cir. 2001). Ultimately, the adequate representation requirement principally "seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004) (quoting *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 313 (3d Cir. 1998)); *see also Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012) (explaining that the "linchpin of the adequacy

requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class").

A class representative need only possess "a minimal degree of knowledge necessary to meet the adequacy standard." *Szczubelek*, 215 F.R.D. at 119.  As mentioned, however, the class representative's adequacy is entwined with that of the class counsel for purposes of determining adequate representation of the class.  *See In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010).  Typically, class counsel "must be qualified, experienced, and generally able to conduct proposed litigation," but courts have not established a definite standard "for what constitutes sufficient legal expertise." *Szczubelek*, 215 F.R.D. at 120; *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992).  Ultimately, the goal of the Court is to confirm that class counsel can "handle" the representation.  *See New Directions Treatment Servs*, 490 F.3d at 313.

Moreover, "courts have found that *pro se* plaintiffs generally cannot represent and protect the interests of the class fairly and adequately" and, thus, *pro se* plaintiffs are not considered ideal class representatives.  *Awala v. N.J. Dep't of Corr.*, No. 05-2362, 2005 WL 2044910, at *1 (D.N.J. Aug. 23, 2005).  More specifically, a "*pro se* plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)," as he lacks formal legal training.  *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. Dec. 4, 1996) (quoting *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. Aug. 29, 1988)); *see also Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. July 22, 1992) (denying class certification to *pro se* plaintiffs without sufficient legal education).  Here, Plaintiff seeks to represent the putative class.  Compl. at ¶ 13.  Plaintiff, however, provides no explanation as to why he is qualified to represent this proposed class action.  Plaintiff does not indicate that he has any legal training or even experience with the federal courts generally.  Moreover, while Plaintiff's interests are likely

aligned with those of the rest of the putative class insofar as they have allegedly suffered similar injuries, that factor alone is insufficient to support a finding of adequate representation. As a result, the Court finds concludes that Plaintiff is not qualified to fairly and adequately represent the interests of the putative class.

Furthermore, a class representative's adequacy is inextricably linked with the adequacy of the counsel he or she has retained to represent the class. *See In re Cmty. Bank of N. Va.*, 622 F.3d at 292. Plaintiff states that he is in the process of choosing an attorney to represent him in this matter, but he is currently representing himself *pro se*. D.E. 1-1 at 1. But Plaintiff has not retained class counsel and has not provided any information regarding the class counsel that he will allegedly retain, including whether such counsel is "qualified, experienced, and generally able to conduct the proposed litigation," so as to adequately represent the class. *New Directions Treatment Servs.*, 490 F.3d at 313. Critically, if Plaintiff is not able to retain qualified counsel, then he does not appear to have the financial wherewithal to represent the class, as he is proceeding *in forma pauperis*. Accordingly, Plaintiff is not able to satisfy Rule 23(a)(4)'s requirement of adequate representation and, therefore, has not established that class certification is warranted. For the foregoing reasons, Plaintiff's class claims are dismissed without prejudice.

Although Plaintiff's class claims are dismissed, the Court will still consider whether Plaintiff can proceed with his claims individually. When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court,

4...

however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff asserts Section 1983 claims[1] against Donald J. Trump for his handling of the COVID-19 pandemic as president. Plaintiff notes that President Trump is now a private citizen but states that "[f]or purposes of this complaint, the Defendant in his official capacity as the Commander in Chief" violated his oath of office, Compl. ¶ 2, and abused his power as President, *id.* ¶ 4; *see also* ¶ 8 (explaining that President Trump "acted in his official capacity of President of the United States). Moreover, Plaintiff seeks monetary relief for President Trump's alleged constitutional violations.[2] As a former President of the United States, Trump "is entitled to absolute immunity from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). This absolute immunity is "a functionally mandated incident of the President's unique office, rooted in the constitutional tradition of separation of powers and supported by our history." *Id.* Accordingly, Plaintiff is attempting to obtain monetary relief from a defendant that is absolutely immune from suit. Plaintiff's Complaint, therefore, is dismissed pursuant to § 1915(e)(2)(B).

---

[1] 42 U.S.C. § 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

[2] Plaintiff also seeks declaratory relief requiring that the legislative branch explore how the alleged constitutional violations occurred "for the purpose of implementing legislation to foreclose the chances that another breach of this kind will never [sic] occur again." Compl., Damages ¶ 3. Given the fact that nobody from the Legislative Branch of the Federal Government is a named defendant in this matter, the Court could not provide this type of relief through this matter.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Yet, the Court notes that it has serious concerns that Plaintiff will be able to state a viable claim or claims in light the immunity mentioned above. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is not asserting claims against a party that is immune from suit.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be dismissed and closed.

Accordingly, and for good cause shown,

IT IS on this 21st day of July, 2021,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Arnett Thomas's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

6

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed and closed; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.